IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PAUL WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 11-0711-WS-N |
| ) | |
| B D & S SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter comes before the Court on plaintiff's filing styled "Application to the Clerk for Motion to Default" (doc. 7).

In support of his Application, plaintiff alleges that he served process on defendant on December 19, 2011, and that defendant has not filed an answer or responsive pleading within the 21-day period provided by Rule 12(a)(1)(A)(i), Fed.R.Civ.P. However, from plaintiff's showing, the Court cannot find with any confidence that service of process was actually effected on defendant. The record shows that Woods mailed the summons and complaint via certified mail to the following address: "BD & S Service Inc., Brewton, Alabama, 398 West Claiborne St., Monroeville, AL 36461." (Doc. 6.)[1] But plaintiff's proof of service reflects that the U.S. Postal Service actually delivered the mailing to 220 E. Claiborne Street, where it was signed for by a person named "Shae Cannon." (*Id.*) Plaintiff has made no showing that the 220 E. Claiborne address has any connection to B D & S Service, Inc., much less that Cannon was authorized to accept service of process on defendant's registered agent, Al Brewton. For aught the record shows, defendant and its registered agent never received this mailing, which was delivered to a

---

[1] This service address recited on plaintiff's return receipt for this certified mailing matches the registered agent and service address information on file with the Alabama Secretary of State, with one exception. Alabama records list defendant's registered agent for service of process as a person named "Al Brewton." Plaintiff erroneously addressed the letter to "Brewton, Alabama." Such an error would not negate or invalidate service if in fact the certified mailing was actually delivered to Mr. Brewton or his authorized agent.

different address than the one on file with the Alabama Secretary of State and was signed for by a person whose connection (if any) to said agent is unknown.

This service inquiry is not simply academic, nor is the Court overstepping boundaries by raising it *sua sponte*. The law is well settled that "[g]enerally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). This is because "[s]ervice of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008) (citation omitted).[2] Thus, in determining whether to exercise its discretion to take the disfavored action of entering a default judgment against a party that has failed to plead or otherwise defend, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *D'Onofrio v. Il Mattino*, 430 F. Supp.2d 431, 437-38 (E.D. Pa. 2006) (citations omitted); *see also Sinoying Logistics Pte Ltd. v. Ya Da Xin Trading Corp.*, 619 F.3d 207, 213 (2nd Cir. 2010) ("we agree with our sister circuits that before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant"); *Mwani v. bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005) ("a court should satisfy itself that it has personal jurisdiction before entering judgment against an absent defendant").

In light of the foregoing concerns, Woods is **ordered**, on or before **January 27, 2012**, to file a supplemental memorandum (supported by authority, affidavits and exhibits as appropriate) addressing whether service of process has in fact been perfected on defendant.

DONE and ORDERED this 13th day of January, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] *See also Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009) ("an *in personam* judgment entered without personal jurisdiction over a defendant is void as to that defendant") (citations omitted); *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999) ("A court without personal jurisdiction is powerless to take further action."); *Nalls v. Coleman Low Federal Inst.*, 2011 WL 3966105, *2 (11th Cir. Sept. 2, 2011) ("a court lacks personal jurisdiction over a party that has not been served"); *In re Partial Hosp. Institute of America*, 281 B.R. 728, 732 (Bankr. S.D. Ala. 2001) ("A judgment is also void when there has been defective service of process causing a party to be denied due process of law.").