IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PAUL WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 11-711-WS-N |
| | ) | |
| BD&S SERVICE, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This matter came before the undersigned on August 3, 2012 for a scheduling conference. (Doc. 31).  The order was precipitated by the filing of a unilateral Rule 26(f) Report wherein defendant requested a conference with the court and reported that plaintiff, who is now proceeding *pro se,* had refused counsel's repeated requests to participate in the parties' planning meeting.  *See* Doc. 29.[1]  Patrick Sims, Esq., counsel for defendant was present at the conference. Plaintiff failed to appear.

The order setting the scheduling conference was sent to plaintiff by regular and certified mail (return receipt requested) on July 18, 2012.  *See* Doc. 31.  Neither was returned by the United States Postal Service as undeliverable.[2]  Moreover, plaintiff did not contact the court prior

---

[1] In the submitted Rule 26(f) Report defendant states, in pertinent part:

Defendant sent plaintiff two letters requesting plaintiff's available dates for conducting the [Rule 26(f)] conference.  On June 25, 2012, plaintiff called counsel for defendant and stated that plaintiff had not been able to engage alternate counsel and that plaintiff would not make himself available for a Rule 26(f) conference.

[2] The return receipt card on the certified mail has not been received by the court.

to the scheduling conference and did not otherwise seek a continuance of the conference; instead, plaintiff simply failed to appear at the time and place set for the scheduling conference.

Because of plaintiff's failure to comply with the orders of this court, as set forth above, and his consequent failure to prosecute this action, and upon consideration of the alternatives which are available to the court, it is the undersigned's recommendation that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. Rule 41(b) as no other lesser sanction will suffice.  Link v. Wabash Rail Road, 370 U.S. 626, 630, 82 S.Ct. 1386 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Ballard v. Carlson, 882 F.2d 93 (4th Cir.1989), cert. denied, Ballard v. Volunteers of America, 493 U.S. 1084, 110 S.Ct. 1145 (1990); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct.181 (1993); Davis v. Jones, C. A. No. 90-0658-BH-S (S.D. Alabama June 17, 1993) (dismissal for failure to prosecute), aff'd., 15 F.3d 1096 (11th Cir. 1995) (Table Citation).

Accordingly, upon consideration, it is RECOMMENDED that this action be dismissed *without prejudice* for plaintiff's failure to comply with the orders of this court and failure to prosecute this action.

*See* Magistrate Judge's Explanation of Procedural Rights, attached, for important information on how to proceed.

DONE this the 3rd day of August, 2012.

                                    /s/  Katherine P. Nelson
                                    **KATHERINE P. NELSON**
                                    **UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added)  A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. §
1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/  Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE